EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL ANTONMARCHI, acusado y apelante.

Núm. 10653.—*Sometido:* Diciembre 19, 1944. *Resuelto:* Enero 8, 1945.

R. *Hernández Matos,* abogado del apelante; R. A. *Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El apelante fué declarado culpable por la Corte de Distrito de Ponce de un delito de calumnia e injuria y sentenciado a pagar una multa de cincuenta dólares. En este recurso alega que la corte inferior erró: 1, al declarar sin lugar la excepción perentoria basada en la falta de hechos en la denuncia para constituir el delito imputado y 2, al declarar culpable al acusado basándose en una prueba insuficiente.

En la denuncia en este caso se alegó que el acusado "ilegal, voluntaria y maliciosamente, y en ocasión de celebrarse un mitin público, pronunció las siguientes palabras: 'El Gobernador de Puerto Rico, Rexford Guy Tugwell, se vendió con Luis Muñoz Marín por un cheque de $1,835, sin haberlo trabajado', imputando en tal forma a dicho Gobernador Rexford G. Tugwell de Puerto Rico, falsa, y maliciosamente y públicamente, la comisión de un hecho constitutivo de delito, todo a sabiendas de su falsedad y en descrédito y menosprecio de dicho funcionario."

Interpretando el alcance y aplicación de las secciones 1, 2 y 3 de la ley de 9 de marzo de 1911 para definir y castigar el delito de calumnia e injuria[1] claramente dijo esta corte, desde el año 1914, en el caso de *El Pueblo* v. *García,* 21 D.P.R. 163, 168, lo siguiente:

"La 'expresión calumniosa' a que hace referencia la sección 3, deberá contener, desde luego, palabras que sean calumniosas de acuerdo con una u otra de las definiciones dadas a dicha frase en

[1] "Sección 1.—Se entiende por calumnia toda falsa y maliciosa imputación hecha de palabra y públicamente contra otra persona natural o jurídica, imputándole la comisión de hecho constitutivo de delito.

"Sección 2.—Entiéndese también por calumnia todo *relato* (texto español: *palabra*) (texto inglés: *tale*) o informe (texto español: *concepto*) (texto inglés: *report*) proferido maliciosa y públicamente en deshonra, descrédito, menosprecio de otra persona natural o jurídica.

"Sección 3.—Se presumirá maliciosa y será calumnia procesable toda expresión calumniosa hecha públicamente en presencia o en ausencia de la persona agraviada."

las secciones 1 y 2, pues de otro modo no será calumniosa. Que ninguna imputación, por falsa y maliciosa que sea puede constituir calumnia con arreglo a la sección 1, a menos que el cargo imputado fuere la comisión de algún hecho constitutivo de delito, es una cuestión que no admite discusión alguna. Es asimismo evidente que la sección 2 se refiere únicamente a 'un relato' (*tale*), (el texto castellano de la ley dice 'toda palabra'), o 'informe' (*report*), (en la edición castellana 'concepto'), y no puede ser considerada dicha sección mediante un esfuerzo de imaginación, de conformidad con ninguna regla de interpretación que pueda ser susceptible de aplicación al interpretarse un estatuto penal, como que comprende alguna palabra o combinación de palabras que no sean equivalentes a 'un relato' (*tale*) o 'informe' (*report*), por mucho que dicha palabra o frase tienda a perjudicar el honor, reputación o méritos de una persona natural o institución social.''

Que la denuncia en el caso de autos está predicada en la sección primera de la ley no cabe duda alguna ya que expresamente en ella se dice que las palabras que pronunció el acusado en un mitin público y que se estimaron calumniosas por el policía denunciante imputaron al Gobernador ''la comisión de un hecho constitutivo de delito''. Como hemos visto, las palabras, nervio de la denuncia, son las siguientes: ''El Gobernador de Puerto Rico Rexford Guy Tugwell se vendió con Luis Muñoz Marín por un cheque de $1,835, sin haberlo trabajado''.

Somos de opinión que estas palabras tendían a imputar la comisión de un delito de soborno. En el concepto general y corriente que tiene la imputación que se hace a un funcionario público el hecho de haberse ''vendido'' equivale a decir que ha sido sobornado.

En el caso de *Pueblo* v. *Cupril*, 57 D.P.R. 117, las palabras que se alegaron ser calumniosas al ser pronunciadas por el acusado en un mitin público y dirigidas a un miembro de la Asamblea Municipal de Mayagüez fueron las siguientes: ''Que el señor Antonio Soto se había vendido con el Senador Valdés por una mueblería que le había puesto en la Calle Libertad'' y esta corte resolvió que la denuncia

aducía hechos suficientes porque las palabras pronunciadas significan "que el asambleísta ha vendido su libertad de pensamiento y acción como miembro de la Asamblea Municipal; en otras palabras que ha aceptado un soborno".

En igual forma imputarle al Gobernador de Puerto Rico que "se vendió" por una cantidad de dinero con el Presidente del Senado significa que el Gobernador vendió su libertad de pensamiento y acción como jefe de la rama ejecutiva del Gobierno de Puerto Rico, en otras palabras que aceptó un soborno.

No se cometió, pues, el primer error imputado y tampoco el segundo pues la prueba de cargo a la que dió crédito la corte inferior, es suficiente para sostener los hechos alegados en la denuncia.

*Debe confirmarse la sentencia apelada.*